E. J. MILLARD et al., Appellees, v. JACOB HERGES et al., Appellants.

No. 40573.

APRIL 10, 1931.

280

REHEARING DENIED OCTOBER 31, 1931.

Robertson & Wolfe, for appellants.

Bolter & Murray, for appellees.

PER CURIAM.—The note in suit was signed by Herges on October 23, 1924. Ten days later it was endorsed by the defendants Green at the request of President Curtis of the payee-bank. A statement of the salient facts preceding the execution of the notes will be of some aid to an understanding of the pleadings. Prior to the date of the note, the Greens had become jointly liable on a fidelity bond to the Watkins Medical Company jointly with Herges to insure the fidelity of the son-in-law of Herges, who was agent for the Watkins Medical Company. Defalcation occurred and the same was paid by the bondsmen, each of them paying one-half of the amount of the defalcation. The Greens borrowed from the Dunlap State Bank the amount necessary to pay their share. Herges did likewise. Each borrowed from the bank independently of the other. Herges gave mortgage-security for his note. The transaction was fully closed on that date. Some ten days thereafter the president of the bank, Curtis, solicited Mr. and Mrs. Green to sign a guaranty of said note on the back thereof and they did so. The defenses interposed are purely affirmative as already indicated. At the close of the evidence the district court with-

drew the defense of want of consideration and likewise the defense of false representations, and submitted to the jury the question whether the guaranty was an accommodation guaranty. The jury rendered a verdict for the defendants. Thereupon the plaintiffs filed the motions as already indicated above. In these motions the plaintiffs pleaded for the first time that the defendants were estopped from pleading their defenses because upon their own allegations in their answers they had pleaded their own fraud to the effect that they had signed such guaranty for the purpose of *"deceiving"* the bank examiner. The point was sustained by the district court and judgment rendered for the plaintiffs accordingly. The result was that the case was disposed of on an issue that was never tried or pleaded. The trial court evidently acted under the impression that the contention of the plaintiffs in this regard was sustained by the record. In this the court was in error. We find nothing in the record to justify the contentions of the plaintiffs at this point. The defendants did not plead fraud on their own part; they did not plead a purpose to deceive the bank examiner; the only fraud pleaded by them was the fraudulent and false representations of Curtis in obtaining their signatures. The contention of plaintiffs that defendants' own pleadings alleged a purpose to deceive, was not predicated upon any verbiage of such pleading. It was merely an argumentative conclusion set forth by the plaintiffs in their motions after verdict. Though the ruling of the court purported to be predicated upon an alleged estoppel against the defendants, yet no fact was pleaded by plaintiffs before verdict in support of such alleged estoppel.

The function of a motion for judgment *non obstante* is defined in Section 11553; and that of motion in arrest of judgment is defined in Section 11554. These are as follows:

"11553. *Judgment notwithstanding verdict.* Either party may file a motion for judgment in his favor notwithstanding the fact that a verdict has been returned against him, if the pleadings of the party in whose favor the verdict has been returned omit to aver some material fact or facts necessary to constitute a complete cause of action or defense, the motion clearly pointing out the omission."

"11554. *Arrest of judgment.* Either party may file a motion in arrest of judgment, where the pleadings of the pre-

vailing party wholly fail to state a cause of action or a complete defense, and a verdict has been returned in his favor.''

Under the statute these motions are predicated solely upon defects in the pleading of the party favored by the verdict. The defect must be such that no cause of action or defense is stated in such pleading. The pleadings of the defendants were not vulnerable in this respect. So far as they are material at this point, we set the same forth. It will be sufficient to quote only from the pleadings of one defendant. To avoid the confusion of pronouns we set forth the pleading of Mrs. Green as sufficiently illustrative of the pleadings. The first and second divisions of her answer set forth that the guaranty was signed long after the execution and delivery of the note by the maker, Herges, and that there was no consideration therefor, and no delivery of the guaranty. Divisions three and four of her answer were as follows:

''Further answering said petition of the plaintiff herein, and as a complete defense thereto, this defendant hereby refers to all of the statements and allegations made and contained in Division 11 of this answer and hereby makes the same a part hereof as fully and completely as though literally repeated herein, and in addition thereto this defendant further alleges that her signature upon the back of said promissory note as a guarantor thereof and her signature to the agreement written or stamped upon the back of said promissory note was obtained by the fraud and false representations of the said president and general manager of said bank in behalf of the said Dunlap State Bank, which fraud and false statements consisted, in substance, of the president and general manager of said bank positively stating to this defendant at the time and just prior to the time that this defendant signed her name upon the back of said note that said bank wanted her to so sign her name on the back of said note *for the sole and only purpose of showing the same to the bank examiner* and for the sole and only purpose of satisfying him and that said bank would not collect said note from this defendant or attempt to do so and that this defendant would never have to pay said note or be liable thereon for the amount of said note or any part thereof. And that said statements and each of them were false and known to be false by the said president and

general manager of said bank when he made the same and that he made said statements and representations to this defendant with the specific intent and purpose of inducing this defendant to sign her name upon the back of said note as guarantor thereof and to collect the amount of said note from this defendant, if necessary, and for the specific purpose of cheating and defrauding this defendant out of her property. And this defendant was injured and damaged by said statements and representations in the amount of said note if she is compelled to pay the same.

"That by reason of the above and foregoing facts said signature of this defendant upon the back of said note was procured by fraud, and said agreement of guaranty and the said note is null and void as to this defendant.

"Further answering said petition and as a complete defense thereto this defendant alleges and shows to the court that she signed her name upon the back of said note, as above alleged, as an accommodation to the payee of said note,—that is, for the specific and only purpose of permitting the said payee of said note to show the same to the said bank examiner and to satisfy the said bank examiner, and for no other purpose whatever. That the said payee of said note accepted this defendant's signature upon the back thereof upon said terms and conditions, and for no other purpose whatever; that therefore, by reason of these facts, the said agreement of guaranty and the signing by this defendant of her name upon the back of said note was an accommodation to the payee of said note and was an accommodation agreement, which is now null and void."

To the foregoing the plaintiffs filed a reply. Paragraphs 1, 2, and 3 of the reply pleaded a general and specific denial and that the defendant was seeking to vary, by oral evidence, a written contract. Paragraph 4 pleaded that the Dunlap State Bank had transferred the note for value without notice to the Dunlap Savings Bank and that therefore the defendant "is now estopped from pleading the kind of defense he sets up in his answer." Paragraph 5 of the reply was as follows:

"And these plaintiffs further state that the allegations of defendant are not supported by the facts. That prior to the time of signing and guaranteeing the payment of the note in suit the defendant F. A. Green and his wife, Mrs. F. A. Green,

284

and the defendant Jacob Herges were sureties on a bond to the Watkins Medical Company, and that the maker of said bond was in default. That this defendant and his wife Mrs. F. A. Green and Jacob Herges were compelled to pay the amount of said default. That they were jointly liable on said bond. That F. A. Green and his wife, Mrs. F. A. Green, paid one-half of the amount due on said bond and that Jacob Herges borrowed from the Dunlap State Bank the amount of the note in suit for the purpose of paying the other half. And that this defendant F. A. Green and his wife, Mrs. F. A. Green, guaranteed the payment of said note in order to enable the said Jacob Herges to procure the money to pay one-half of the bond on which they were all jointly liable. And that the said Jacob Herges procured a loan from the Dunlap State Bank for the amount necessary to pay one-half of the joint liability of all of said parties on said bond and that the defendants F. A. Green and Mrs. F. A. Green guaranteed the payment of the said note. That said bond is not in the possession of the plaintiffs nor under their control. And that they are not now able to state the name of the original maker of said bond. That by reason of the above and foregoing facts the defendant, F. A. Green and Mrs. F. A. Green are estopped from making any claim that said note was procured by fraud or misrepresentation or that there was no consideration therefor.''

The plaintiffs contend in argument that they pleaded an estoppel in their foregoing reply and that such pleading was sufficient to support the decision of the trial court. It will be noted that the facts pleaded in the plaintiff's reply included no reference whatever to any alleged fraud perpetrated by this defendant or by her husband as a ground of estoppel. The net result of the record is that there was neither pleading nor proof of any of the facts evidently relied on by the trial court in support of its ruling. Upon this record the ruling amounted to a holding that, if the endorsement was an accommodation endorsement for the benefit of the bank, and was to be used by the bank in its showing to the bank examiner, then the makers of the accommodation paper were, as a matter of law, guilty of fraud. Under Section 9489 of the Code, accommodation paper consists of a method of lending credit by one to another. It is presumptively legitimate. Granted that such lending of credit could be

done fraudulently, yet the question of fraud would depend upon the purpose of the maker and upon his knowledge of the financial condition of the accommodated borrower. If fraud was involved in this particular transaction, it was incumbent upon the plaintiffs to allege the fraud in their reply. This would have presented an issue of fact to be determined by the jury. The reply does not in fact contain a suggestion of any fraud on the part of the defendants. In their motions after verdict, the contentions set forth by plaintiffs, and adopted by the court, were to the effect that the trustees of the creditors occupy a better position against these endorsers than would the bank itself. In the state of the record before us, we have no occasion to give any consideration to this feature of the case. The decisive fact stands forth in the record, that the plaintiffs won a favorable ruling upon their motions upon the theory of an estoppel, which was neither pleaded nor proved. The record discloses also another anomaly of pleading. That part of the defendant's defense, which set up fraud and false representations of the bank president is relied upon by the plaintiffs as entitling them to treat such pleading as an allegation by defendant of her own fraud. Yet the court had withdrawn from the jury the issue of fraud as being either insufficient in form or not proved in fact. For the purpose of sending the case to the jury, the defendant's charge of fraud was eliminated from the pleadings; and yet after verdict the plaintiffs came back and built a plea of estoppel upon the stricken allegations. In our judgment the record does not sustain the ruling complained of. The plaintiffs' motions after verdict were not well taken and should have been overruled.

For the reasons here indicated, the judgment below is accordingly—Reversed.